IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD PAULSEN, | ) | 8:14CV336 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. FOXALL, BOBBY HYEK, | ) | |
| BARBEE, MCCLAREN, JOHN | ) | |
| HUBBARD, WALKER, and | ) | |
| EARLEY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Harold Paulsen ("Paulsen") filed his Complaint (Filing No. 1) in this matter on October 30, 2014. The court granted Paulsen's request to proceed in forma pauperis and assessed an initial partial filing fee in the amount of $10.63. Paulsen paid his initial partial filing fee on June 5, 2015. The court must now conduct an initial review of Paulsen's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Paulsen is currently incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. His claims are based on incidents that occurred while he was incarcerated with the Douglas County Department of Corrections. Liberally construed, he asserts Eighth or Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983. He sued Director Foxall, Sargent Bobby Hyek, Sargent Barbee, Officer McClaren, Deputy Director Pat Hubbard, Sargent Walker, and Captain Earley. None of these individuals are referred to in Paulsen's allegations.

Paulsen alleged jail officials removed him from his housing assignment in "Module 14" because he served as a lookout for two inmates fighting. Paulsen was sentenced to five days in "Module D" as a result. During these five days, Paulsen "repeatedly" asked to be placed in protective custody because he did not feel safe returning to Module 14. Jail officials refused to place him in protective custody. They returned him to Module 14 on a Tuesday. The following Friday, eight inmates assaulted him. Paulsen sustained injuries that resulted in "8 staples in [his] head, 3 stitches by [his] right eye, [] 2 chipped teeth, as well as a black eye, and 3 days in the hospital." (Filing No. 1 at CM/ECF p. 5.) For relief, Paulsen seeks one million dollars in monetary damages. (Filing No. 1 at CM/ECF p. 6.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

It is not clear from Paulsen's allegations whether he was a pretrial detainee or a convicted prisoner at the time of the incidents described in his Complaint. Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011). However, the distinction "makes little difference as a practical matter" because "[p]retrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

In order to establish that prison officials failed to prevent harm, Paulsen must prove he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In addition, Paulsen must establish prison officials were deliberately indifferent to inmate health or safety. *Id.*

3

"This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded 'an excessive risk to inmate health or safety.'" Holden, 663 F.3d at 341 (quoting Farmer, 511 U.S. at 837).

Here, Paulsen alleged he suspected he would be assaulted if he returned to his previous housing assignment so he "repeatedly" asked to be placed in protective custody. Prison officials refused to place him in protective custody and returned him to his previous housing assignment where he was assaulted by eight inmates. While these allegations suggest a constitutional violation may have occurred, this matter may not proceed to service of process at this time for two reasons.

First, Paulsen did not indicate any of the named defendants were personally involved in the events described in his Complaint. Rather, Defendants' names appear only in the caption of the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003) (citing Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Second, because Paulsen did not specify whether he is suing the defendants in their official or individual capacities, this court presumes they are sued in their official capacities only. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, Douglas County. See Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in

their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)).

As a municipality, Douglas County can be liable under § 1983 only if a municipal policy or custom caused Paulsen to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Paulsen made no such allegations in this case.

On the court's own motion, the court will provide Paulsen with an opportunity to file an amended complaint that states a claim upon which relief may be granted against the defendants. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Paulsen.

## IV.  MOTION TO APPOINT COUNSEL

Paulsen seeks the appointment of counsel. (Filing No. 6.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

5

1.	Paulsen has 30 days in which to file an amended complaint that states a claim upon which relief may be granted against the defendants. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Paulsen.

2.	Paulsen's Motion to Appoint Counsel (Filing No. 6) is denied without prejudice to reassertion.

3.	The clerk of the court is directed to set a pro se case management deadline using the following text: **September 21, 2015**: check for amended complaint.

4.	To avoid confusion, any document Paulsen sends to the clerk of the court for filing in this case must clearly display the case number.

DATED this 24th day of August, 2015.

> BY THE COURT:
>
> s/ Joseph F. Bataillon
> Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.