IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| HAROLD PAULSEN, | ) | 8:14CV336 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. FOXALL, BOBBY HYEK, BARBEE, MCCLAREN, JOHN HUBBARD, WALKER, and EARLEY, | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On August 24, 2015, the court ordered Plaintiff Harold Paulsen to amend his Complaint to state an Eighth or Fourteenth Amendment claim upon which relief may be granted.[1] (Filing No. 20.) Paulsen filed an Amended Complaint (Filing No. 21) on September 17, 2015. The court considers Paulsen's Amended Complaint supplemental to his original Complaint. *See* NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

The court has carefully reviewed the Complaint and Amended Complaint. In light of the liberal construction afforded to pro se litigants' pleadings, the court finds that Paulsen's claims may proceed to service of process against Defendants Bobby Hyek and Sergeant Barbee in their individual capacities. The court cautions Paulsen

---

[1] It is not clear from Paulsen's allegations whether he was a pretrial detainee or a convicted prisoner at the time of the incidents described in his Complaint. Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011).

that this is only a preliminary determination based on the allegations of the Complaint and Amended Complaint and is not a determination of the merits of his claims or potential defenses thereto.

The court finds that Paulsen's claims against Hyek and Barbee in their official capacities may not proceed to service of process because he has not alleged a municipal policy or custom caused him to be deprived of a federal right. Furthermore, the court finds Paulsen's claims against the other named defendants—Dr. Foxall, McClaren, John Hubbard, Walker, and Earley—must be dismissed because he has not alleged facts to suggest any of them violated his Eighth or Fourteenth Amendment rights.

IT IS THEREFORE ORDERED that:

1. Paulsen's claims against Foxall, McClaren, Hubbard, Walker, and Earley are dismissed without prejudice.

2. The clerk of the court is directed to send to Paulsen a copy of the Complaint and Amended Complaint, a copy of this Memorandum and Order, and two summons forms and two USM 285 Forms for service on Bobby Hyek and Sergeant Barbee in their individual capacities.

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 60 days of filing the complaint. However, Paulsen is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. *See* this court's General Order No. 2015-06 ("the amended time period for effecting service under Fed. R. Civ. P. 4(m) shall apply to all cases filed in this court on or after December 1, 2015, to the extent practicable, unless otherwise ordered by the presiding judge.")

3. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Paulsen. In making such a request, Paulsen must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on Hyek and Barbee, together with a copy of the Complaint and the Amended Complaint.

4. The clerk of the court is directed to set the following pro se case management deadline: May 17, 2016, check for completion of service of process.

DATED this 20th day of January, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.