IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD PAULSEN, | ) | 8:14CV336 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| BOBBY HYEK and | ) | |
| SARGENT BARBEE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 20, 2016, the court entered an order on its on motion directing Plaintiff to show cause why this case should not be dismissed for failure to serve summonses (Filing No. 25). On May 31, 2016, Plaintiff filed a response stating that he "mailed a summons of the complaint to Defendants Foxall et al, by ... certified mail ... [and] on February 23, 2016 the Defendants received a copy of the complaint ... signed for [by] Susan Larsen at the Douglas County Dept. of Corrections" (Filing No. 26 at CM/ECF p. 1). Attached to Plaintiff's response are copies of six certified mail return receipts for mailings that were sent to Sargeant Bobby Hyek, Sargeant Barbee, Captain M. Earley, Deputy Director John Hubbard, Sargeant Walker, and Director Foxall, at 710 S. 17th Street, Omaha, Ne 68107 (Filing No. 26 at CM/ECF pp. 3-6).

In the court's Memorandum and Order of January 20, 2016, the clerk of the court was "directed to send to [Plaintiff] Paulsen a copy of the Complaint and Amended Complaint, a copy of this Memorandum and Order, and two summons forms and two USM 285 Forms for service on Bobby Hyek and Sergeant Barbee in their individual capacities" (Filing No. 22 at p. 2).[1]  Claims against Hyek and Barbee

---

[1] Plaintiff was advised in the Memorandum and Order that the United States Marshal would serve all process in this case without prepayment of fees if the USM 285 forms were completed and submitted to the clerk of the court with the completed summons forms (Filing No. 22 at p. 2).

in the official capacities and against the other named Defendants (Earley, Hubbard, Walker, and Foxall) were dismissed without prejudice (Filing No. 22 at p. 2).

After receiving the summons forms, Plaintiff was required to complete the forms and return them to the clerk of the court to sign, seal, and issue the summonses for service upon Defendants Hyek and Barbee. *See* Fed. R. Civ. P. 4(b) ("[T]he plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."). The court's docket sheet does not reflect that any summonses were ever issued by the clerk for service upon Defendants, and Plaintiff's unsworn response fails to establish that proper service was accomplished. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

Because there appears to have been a misunderstanding, the court will allow Plaintiff additional time to complete service and will again direct the clerk of the court to send Plaintiff and two summons forms and two USM 285 Forms for service on Bobby Hyek and Sergeant Barbee in their individual capacities. Plaintiff should complete those forms and return them to the clerk of the court as soon as possible so that service can be accomplished and the case can proceed. If proof of service is not filed within 60 days, this case may be dismissed without further notice.

On May 2, 2016, Plaintiff filed a motion requesting permission to proceed with discovery (Filing No. 24). That motion will be denied. As explained in General Order No. 2016-02, which was sent to Plaintiff on February 18, 1016, a progression order will be issued approximately 30 days after the last defendant has answered, and "[n]o discovery ... may take place until a progression order is entered unless the court's [sic] orders otherwise" (Filing No. 23, ¶ 18). Plaintiff has provided no reason why pre-service discovery ought to be allowed in this case.

-2-

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for discovery (Filing No. 24) is denied.

2. The clerk of the court is directed to send to Plaintiff a copy of this Memorandum and Order along with two summons forms and two USM 285 Forms for service on Bobby Hyek and Sergeant Barbee in their individual capacities.

3. If requested to do so, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, Plaintiff must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on Hyek and Barbee, together with a copy of the Complaint and the Amended Complaint.

4. If proof of service is not filed within 60 days, this case may be dismissed without further notice.

5. The clerk of the court is directed to reset the pro se case management deadline to: August 8, 2016, check for completion of service of process.

DATED this 7th day of June, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge