IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD PAULSEN, | ) | 8:14CV336 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| BOBBY HYEK and | ) | |
| SARGENT BARBEE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Request for Continuance, docketed as "Motion to Continue" (Filing No. 54), and Praecipe for Subpoena of Documents, docketed as "Motion for Subpoena" (Filing No. 53), both of which were filed on December 19, 2016.

*Motion to Continue*

Liberally construed, Plaintiff's Motion to Continue is a request for extension of time to respond to Defendants' Motion for Summary Judgment (Filing No. 48), which was filed on November 18, 2016.[1] The court previously granted Plaintiff a 21-day extension of time, until January 3, 2017, to respond to Defendants' motion. *See* Filing No. 52.

In the instant motion, Plaintiff indicates that "he requested all documents pertaining to the assault" upon him by other inmates at Douglas County Department of Corrections, but "never received an order approving or denying the request" and did not receive the requested documents. He also indicates that he did not receive

---

[1] Defendants claim qualified immunity and assert that Plaintiff cannot establish the essential elements of his failure-to-protect claim.

medical records pertaining to the assault. (Filing No. 54 at CM/ECF p. 1). Plaintiff requests an extension of time pending entry of an "order granting or denying request for medical records." (Filing No. 54 at CM/ECF p. 2).

On September 13, 2016, the court entered a progression order which required all interrogatories, requests for admission, and requests for production of documents to be served on or before October 12, 2016, and all motions to compel discovery to be filed on or before January 3, 2016. (Filing No. 39 at CM/ECF p. 1). A final pretrial conference was scheduled for February 23, 2017. (Filing No. 39 at CM/ECF p. 2).

It appears from the court file that Plaintiff served interrogatories (Filing Nos. 42 and 43) and requests for admission (Filing No. 44) on Defendants on October 4, 2016, and that Defendants responded to the interrogatories and requests for admission on October 27, 2016 (Filing No. 47). A request for production of documents (Filing No. 45) was also received the Clerk of the Court and filed on October 7, 2016, but there is no certificate of service.

Defendants oppose Plaintiff's request for extension of time and indicate that while "Defendants' counsel inadvertently did not send the Defendants' responses to Plaintiff's requests for production," that oversight has now been corrected and their responses have been mailed to Plaintiff, "including objections to Plaintiff's requests for medical records and video and photos of the February 1, 2013 assault ... based on Plaintiff having requested those items from individuals who do not have access to them." (Filing No. 56). Defendants contend the requested "medical records and records of the February 1, 2013 assault ... go solely to Plaintiff's alleged damages, not to Defendants' legal liability" (*id.*), and thus are not required by Plaintiff in order to respond to their summary judgment motion.

Plaintiff's objection that he never received an order approving or denying a request for production of documents is groundless. Under the Federal Rules of Civil Procedure, Plaintiff was required to serve the requests for production of documents

on Defendants (by mailing them to Defendants' attorney), and Defendants would then have 30 days from receipt of the requests to respond – no court order is necessary. *See* Fed. R. Civ. P. 34. Even though Plaintiff is proceeding pro se, he is "bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g).

To the extent that Plaintiff's Motion to Continue might be construed as a motion to compel discovery, it fails because, among other reasons, there is no "certification that [Plaintiff] has in good faith conferred or attempted to confer with [Defendants] in an effort to obtain [discovery] without court action," Fed. R. Civ. P. 37(a)(1), and it appears that Defendants have now responded by objecting that they do not have access to the requested documents. In any event, it is apparent that the request for production of documents Plaintiff filed with the court (Filing No. 45) is seeking institutional records that would not reasonably be expected to be found in the care, custody, or control of Defendants in their individual capacities.

When Plaintiff last moved for an extension of time to respond to Defendants' summary judgment motion on or about December 5, 2016 (Filing No. 51), he asked for a 60-day extension based on limited access to the law library at the Nebraska Department of Corrections. He made no mention of needing to obtain any documents through discovery. The court granted Plaintiff a 21-day extension to allow him additional research time while still maintaining the progression schedule. The court declines to grant any further extension without a showing by affidavit or declaration that Plaintiff for specified reasons is unable to present facts in opposition to the summary judgment motion. *See* Fed. R. Civ. P. 56(d).

Accordingly, Plaintiff's Motion to Continue will be denied in all respects.

### *Motion for Subpoena*

Plaintiff's Praecipe for Subpoena of Documents is properly captioned for this case but is directed to the Clerk of the Douglas County Court for the issuance of a

subpoena "pursuant to Neb. Rev. Stat. § 25-1273 ... and Rule 34 of the Nebraska Rules of Civil Procedure ... "command[ing] Donna Fricke of the Douglas County Correctional Center to mail copies of grievances, kites, and logs of records pertaining to the assault" to Plaintiff (Filing No. 53). Treated as a motion, this filing will be denied, except that the Clerk of the Court will be directed to issue a subpoena "signed by otherwise in blank" pursuant to Federal Rule of Civil Procedure 45(a)(3) and mail it to Plaintiff, together with one (1) USM-285 Form. Because he is proceeding in forma pauperis, Plaintiff may then complete the subpoena and return it and the completed USM-285 Form to the Clerk of the Court for service of the subpoena by the United States Marshal.

    IT IS ORDERED that:

1. Plaintiff's Motion to Continue (Filing No. 54) is denied in all respects.

2. Plaintiff's Motion for Subpoena (Filing No. 53) is denied, except that the Clerk of the Court shall issue a subpoena, signed by otherwise blank, and mail it to Plaintiff together with one (1) USM-285 Form.

    DATED this 22nd day of December, 2016.

    BY THE COURT:

    s/ *Richard G. Kopf*
    Senior United States District Judge